IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01145-BNB

RAFAEL OSUNA-INSUNZA, aka CARLOS JIMENEZ-ORTEGA,

    Plaintiff,

v.

LARRY EDWARD SCHWARTZ, dba Judge, et al.,
DENISE MINISH,
CINDY JONES,
JONATHAN L. WALKER, and
THE EL PASO SHERIFF'S OFFICE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 07 2008

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility at Buena Vista, Colorado. Plaintiff has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the Vienna Convention on Consular Relations were violated during the course of the state court criminal proceedings against him. As relief Plaintiff seeks damages and his freedom.

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B), the Court must dismiss the amended complaint at any time if the claims asserted are legally frivolous or if Plaintiff seeks monetary relief from a Defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does

not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the action pursuant to § 1915(e)(2)(B).

The Court must construe the complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*.

As noted above, Plaintiff alleges that his rights under the Vienna Convention were violated during the course of the state court criminal proceedings against him. Plaintiff apparently contends that he is a Mexican national and that he was not notified following his arrest of his right to contact Mexican consular officials. The right to consular notification is set forth in Article 36 of the Vienna Convention. The named Defendants in this action are the state court judge who presided over Plaintiff's criminal case, the assistant district attorney who prosecuted Plaintiff, two defense attorneys who represented Plaintiff in the state court proceedings, and the El Paso County Sheriff's Office. Plaintiff does not assert any claim against the El Paso County Sheriff's Office. Therefore, the Court will dismiss the El Paso County Sheriff's Office as a party to this action.

The Court will assume for the purposes of this order that the Vienna Convention creates a privately enforceable right that may be raised in this action. *Compare Cornejo v. County of San Diego*, 504 F.3d 853 (9th Cir. 2007) (holding that Article 36 of the Vienna Convention does not create private rights and remedies enforceable in a § 1983 action), *with Jogi v. Voges*, 480 F.3d 822 (7th Cir. 2007) (holding that Article 36 of the Vienna Convention does create private rights and remedies enforceable pursuant to § 1983).

However, even assuming Plaintiff can raise a claim pursuant to the Vienna Convention, the Court still finds that the instant action must be dismissed. First, to the extent Plaintiff seeks his freedom or release from custody on the grounds that his conviction is invalid, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this action because there is no indication that Plaintiff has exhausted state court remedies for the habeas corpus claims. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

To the extent Plaintiff seeks damages for the alleged violation of his rights, the Court finds that the named Defendants either are entitled to immunity or may not be sued pursuant to § 1983. Plaintiff alleges that Defendant Larry Edward Schwartz is the state court judge who presided over Plaintiff's criminal case. However, judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435

3

U.S. 349, 356-57 (1978); *Hunt*, 17 F.3d at 1266-67. Plaintiff's allegation that his rights under the Vienna Convention were violated does not demonstrate that Judge Schwartz was acting in the clear absence of all jurisdiction in the criminal case. Therefore, the claims asserted against Judge Schwartz are barred by absolute judicial immunity and will be dismissed.

Defendant Denise Minish, an assistant district attorney, is entitled to absolute prosecutorial immunity. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Plaintiff does not allege any actions by Defendant Minish that were taken outside the course of her role as an advocate for the State. Therefore, Defendant Minish is entitled to absolute prosecutorial immunity and the claims against her also will be dismissed.

Plaintiff's claims against his two defense attorneys, Cindy Jones and Jonathan L. Walker, also will be dismissed. Defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). Therefore, Plaintiff's claims against his defense attorneys are legally frivolous and will be dismissed for that reason. Accordingly, it is

U.S. 349, 356-57 (1978); *Hunt*, 17 F.3d at 1266-67. Plaintiff's allegation that his rights under the Vienna Convention were violated does not demonstrate that Judge Schwartz was acting in the clear absence of all jurisdiction in the criminal case. Therefore, the claims asserted against Judge Schwartz are barred by absolute judicial immunity and will be dismissed.

Defendant Denise Minish, an assistant district attorney, is entitled to absolute prosecutorial immunity. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Plaintiff does not allege any actions by Defendant Minish that were taken outside the course of her role as an advocate for the State. Therefore, Defendant Minish is entitled to absolute prosecutorial immunity and the claims against her also will be dismissed.

Plaintiff's claims against his two defense attorneys, Cindy Jones and Jonathan L. Walker, also will be dismissed. Defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). Therefore, Plaintiff's claims against his defense attorneys are legally frivolous and will be dismissed for that reason. Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

DATED at Denver, Colorado, this 3 day of July, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-01145-BNB

Rafael Osuna-Insunza a/k/a Carlos Jimenez-Ortega
Reg. No. 133276
Buena Vista Correctional Facility
PO Box 2017
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/7/8

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk